Peter J. BRENNAN, Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,

v.

Im HATTON, Individually and doing business as Air Control Engineering Company, Defendant-Appellee.

No. 72-2703.

United States Court of Appeals, Fifth Circuit.

Feb. 27, 1973.

Richard F. Schubert, Sol. of Labor, U. S. Dept. of Labor, Washington, D. C., M. J. Parmenter, Regional Sol., William E. Everheart, Carin Ann Clauss, Donald S. Shire, Attys., U. S. Dept. of Labor, Dallas, Tex., Jacob I. Karro, Atty., U. S. Dept. of Labor, Washington, D. C., for plaintiff-appellant.

L. H. Warburton, Jr., Alice, Tex., for defendant-appellee.

Before ALDRICH*, SIMPSON and CLARK, Circuit Judges.

PER CURIAM:

The Secretary of Labor sought to enjoin defendant-appellee, individually and as a commercial employer, from violating the minimum wage and overtime provisions of the Fair Labor Standards Act, Title 29 U.S.C. Section 201 et seq. The district court held the defendant was not within coverage of the Act and denied the requested relief. We reverse.

Defendant-appellee Hatton is a sole proprietorship located in Alice, Texas. The business has three employees. It installs, repairs and maintains air conditioning and heating systems, including

---

* Hon. Bailey Aldrich, Senior Circuit Judge of the First Circuit, sitting by designation.

duct work, in residential properties. Approximately ninety per cent (90%) of Hatton's purchases were manufactured in Texas. The Secretary claims Hatton is an "enterprise engaged in commerce" as required by Sec. 3(s) of the Act, Title 29 U.S.C. Section 203(s), and therefore subject to the minimum wage and overtime standards of Sections 6 and 7 of the Act, Title 29 U.S.C. Sections 206 and 207.

■ The theory of "enterprise coverage" by which the Secretary hopes to apply the Act to defendant-appellee was introduced into the law by amendment in 1961. We stated the purpose of "enterprise coverage" in Montalvo v. Tower Life Building, 5 Cir. 1970, 426 F.2d 1135, 1139. Limiting coverage of the Act to enterprises which are in more than one business would frustrate that purpose of eliminating fragmentation of the Act's application. Accordingly, defendant-appellee is not exempt from the Act's requirements solely because it is engaged in only one business. See Schultz v. W. R. Hartin & Son, Inc., 4 Cir. 1970, 428 F.2d 186; Wirtz v. Melos Construction Corp., 2 Cir. 1969, 408 F.2d 626; the textual references to a single establishment in Sections 3(r) and (s) of the Act, Title 29 U.S.C. Section 203(r) and (s); H.Rept.No.75, Fair Labor Standards Amendments of 1961, 87th Cong., 1st Sess., p. 7; S.Rept.No.145, Fair Labor Standards Act of 1961, 87th Cong., 1st Sess., p. 41, U.S.Code Cong. & Admin. News 1961, p. 1620; and S.Rept.No.1487, Fair Labor Standards Amendments of 1966, 89th Cong., 2d Sess., p. 7, U.S. Code Cong. & Admin.News 1966, p. 3002.

The 1961 and subsequent amendments further expanded coverage of the Act by introducing a sweeping definition of "enterprise engaged in commerce or in the production of goods for commerce":

"(s) 'Enterprise engaged in commerce or in the production of goods for commerce' means an enterprise which has employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person, and which—

(1) during the period February 1, 1967, through January 31, 1969, is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) or is a gasoline service establishment whose annual gross volume of sales is not less than $250,000 (exclusive of excise taxes at the retail level which are separately stated),

and beginning February 1, 1969, is an enterprise whose annual gross volume of sales made or business done is not less than $250,000 (exclusive of excise taxes at the retail level which are separately stated);

(2) is engaged in laundering, cleaning, or repairing clothing or fabrics;

(3) is engaged in the business of construction or reconstruction, or both; or

(4) is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool [an] elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit).

Any establishment which has as its only regular employees the owner thereof or the parent, spouse, child, or other member of the immediate family of such owner shall not be considered to be an enterprise engaged in commerce or in the production of goods for commerce or a part of such an enterprise, and the sales of such establishment shall not be included for the

purpose of determining the annual gross volume of sales of any enterprise for the purpose of this subsection."

Title 29 U.S.C. Section 203(s).

Defendant appellee is within that definition because it met the two requirements necessary for inclusion: (1) the court below found as a fact that most of the parts used by the employees in their work "were manufactured outside of and had moved in commerce getting to Texas" and this, we hold, is the same thing as saying the defendant-appellee's employees were "handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person"; and (2) the business of installing, repairing and maintaining air conditioning and heating systems, including duct work, in residential properties is an enterprise "engaged in the business of construction or reconstruction or both". Holding that no other requirement exists, we find defendant-appellee is covered by the Fair Labor Standards Act.

Reversed and remanded.